**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**CASE NO. _____**

MICHEL PALUD,

      Plaintiff,

v.

MAGICAL CRUISE COMPANY, LIMITED
d/b/a Disney Cruise Line,

     Defendant.

_____/

**SEAMAN'S COMPLAINT**

Plaintiff sues Defendant and alleges:

1. This is an action seeking damages in excess of this Court's Jurisdiction limits.

2. Plaintiff, MICHEL PALUD, is a citizen of France and a seaman within the meaning of 28 U.S.C. § 1916 and can file suit without paying the filing fee or costs.

3. Defendant, MAGICAL CRUISE COMPANY, LIMITED. (hereinafter "DISNEY"), is a foreign entity which has its principal place of business in Florida.

4. Defendant, at all times material hereto, personally or through an agent;

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

   b. Were engaged in substantial activity within this state;

   c. Operated vessels in the waters of this state;

   d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

   e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

1

5.   Defendant is subject to the jurisdiction of the courts of this state.

6.   The causes of action asserted in this Complaint arise under the Jones Act, 46 U.S.C. § 688, and the General Maritime Law of the United States.

## PRELIMINARY ALLEGATIONS

7.   At all times material hereto, Defendant DISNEY owned, operated, managed, maintained, and/or controlled the vessel *Disney Magic*. This vessel flies a flag of convenience.

8.   At all times material hereto, Plaintiff's employer was member of the crew and employed as a seaman aboard Defendant DISNEY's vessel in the capacity of Manager of Food Operations and was working in the service of the vessel.

9.   At all times material hereto, the vessel was in navigable waters.

10.  At all times material hereto, the Plaintiff worked and lived aboard the vessel.

11.  On or about November 18, 2018, Plaintiff, while working aboard the *Disney Magic*, was injured in the Main Pastry area on Deck 3 when a pressurized chocolate canister, which a crewmember had placed in boiling hot water, exploded in Plaintiff's face.

12.  Due to the negligence of the Defendant DISNEY, on or about November 18, 2018, Plaintiff suffered facial burns and severe and permanent hearing loss to his left ear.

## COUNT I – JONES ACT NEGLIGENCE

Plaintiff re-alleges, incorporates by reference, and adopts paragraphs one (1) through twelve (12) as though originally alleged herein.

13.  On or about November 18, 2018, Plaintiff was injured after a pressurized chocolate canister in boiling hot water exploded in his face while employed by DISNEY as a seaman and a member of the crew of the *Disney Magic*, which was in navigable waters.

14.  Under the Jones Act, Defendant owed the Plaintiff, a member of the crew and borrowed servant, a duty to use ordinary and reasonable care under the circumstances.

2

15. It was the duty of Defendant, DISNEY, to provide Plaintiff with a reasonably safe place to work.

16. On or about November 18, 2018, Plaintiff was injured due to the fault and negligence of Defendant, DISNEY, and/or its agents, servants, and/or employees. DISNEY failed to use reasonable care to provide Plaintiff a reasonably safe place to work by:

a. Assigning Plaintiff to work on the subject vessel with crew that were not properly trained to safely carry out the galley's work duties in the subject area;

b. Assigning Plaintiff to work on the subject vessel with crew that were not properly supervised to safely carry out the galley's work duties in the subject area;

c. Failing to limit Plaintiff's exposure to unsafe conditions and hazardous products in the subject area aboard the vessel;

d. Failing to provide crewmembers with safe means to carry out their duties in the galley and pastry department;

e. Failing to properly train and supervise crewmembers to safely carry out the galley's work duties in the subject area;

f. Failing to properly train and supervise crewmembers regarding hazardous conditions such as the handling of pressurized canisters on and/or near hot surfaces in the subject area;

g. Failing to provide adequate instruction and supervision to crewmembers regarding hazardous conditions such as the handling of canisters on and/or near hot surfaces in the subject area;

h. Failing to provide crewmembers with adequate spacing and non-heated surfaces to carry out their duties in the pastry department;

i. Failing to promulgate and enforce reasonable rules and regulations to ensure the safety and health of the Plaintiff, while engaged in the course of his employment on the Defendant's vessel;

j. Failing to ensure a safe operation of the galley regarding the handling of hazardous items such as pressurized canisters on and/or near hot surfaces in the subject area;

k. Failing to comply with the vessel's policies and procedures regarding hazardous conditions involving hot surfaces in the galley and pastry department;

l.  Failing to comply with the vessel's policies and procedures in the galley such as the warming of pressurized chocolate cans in the pastry department;

m.  Failing to adhere to the vessel's policies and procedures regarding crewmember's adequate utilization of non-heated surfaces in the pastry department;

n.  Failing to incorporate modern work methods, procedures and material handling techniques for hazardous conditions involving hot surfaces in the galley onboard the vessel on which the Plaintiff worked;

o.  Failing to ascertain the cause of prior similar accidents/injuries so as to take measures to prevent their re-occurrence, and more particularly Plaintiff's accidents/injuries, this is in direct violation of the Defendant's own Ship board policies mandated by the ISM Codes' requirements;

p.  Failing to ascertain crewmember's competence and skills in connection with prior or similar accidents/injuries so as to take measures to prevent their re-occurrence, and more particularly Plaintiff's accidents/injuries, this is in direct violation of the Defendant's own Ship board policies mandated by the ISM Codes' requirements;

q.  Failing to follow sound management practices with the goal of providing Plaintiff a reasonably safe place to work;

r.  Prior to Plaintiff's incident, failing to investigate the hazards to Plaintiff and then take the necessary steps to eliminate the hazards, minimize the hazard or warn the Plaintiff of the danger the hazard posed to the Plaintiff;

s.  Failing to adhere to the Code of Safe Working Practices for Merchant Seafarers with respect to galley safety procedures and processes;

t.  Failing to adhere to the Maritime Labour Convention, 2006: with respect to the regulations requiring crewmembers in food and catering be trained, qualified and found competent;

u.  Failing to select and utilize competent, skilled, and properly trained crewmembers on board with adequate knowledge to work safely in the galley and pastry department;

v.  Failing to implement management practices to continually assess the crew's competence and skill to work safely in the galley and pastry department such as the handling of pressurized canisters on and/or near hot surfaces in the subject area;

w.  Failing to provide prompt, proper, and adequate medical care to the Plaintiff when he sought medical attention for his injuries;

x.  Failing to adequately diagnose and treat the Plaintiff's injuries when he reported to the ship's medical facility with his injuries;

4

    y.  Sending the Plaintiff back to work after the incident in contradiction of prompt, proper, and adequate medical care; and/or

    z.  Failing to properly manage Plaintiff's medical care after Plaintiff was injured and instead pressuring the medical staff chosen and paid for by Defendant to prematurely declare the Plaintiff at MMI or fit to return to duty.

17.  At all times material hereto, Defendant negligently failed to determine the hazards Plaintiff faced, failed to eliminate those hazard, failed to modify those hazards, and failed to warn the plaintiff of the hazard. In addition, Defendant violated the International Safety Management Code and failed to have a proper, adequate, and safe Safety Management System Manual or to follow it on board the vessel on which the Plaintiff served. All of the above caused the Plaintiff to suffer his injuries and did not receive adequate care for them.

18.  Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant in the exercise of reasonable care should have learned of them and corrected them.

19.  As a result of the negligence of Defendant, DISNEY, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, lost income in the past, and his working ability and earning capacity have been impaired.  The injuries and damages suffered by the Plaintiff are permanent and continuing in nature and Plaintiff will suffer these losses and impairments in the future.  In addition, plaintiff in the past and in the future has lost the fringe benefits that came with plaintiff's job, including but not limited to free food, free shelter, free medical care, free uniforms, vacation pay, the ability to

make extra money doing side jobs and free airline transportation to the vessel and back home each contract.

**WHEREFORE,** Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

## COUNT II – UNSEAWORTHINESS

Plaintiff re-alleges, incorporates by reference, and adopts paragraphs one (1) through twelve (12) as though they originally alleged herein.

20. On or about November 18, 2018, Plaintiff was a seaman and a member of the *Disney Magic's* crew, which was in navigable waters.

21. At all times material hereto, Defendant Disney owned, managed, operated, and controlled the vessel *Disney Magic*.

22. Defendant had the absolute non-delegable duty to provide Plaintiff with a seaworthy vessel on which to serve, including a competent crew.

23. The unseaworthiness of Defendant's vessel was a legal cause of injury and damage to the Plaintiff for each of the previously listed incidents by reason of the following:

    a. The vessel was unsafe and unfit for its intended purpose due to the conditions created by Defendant as follows:

        i. Assigning Plaintiff to work in an unsafe environment in dangerous conditions with hazards in the pastry department;

        ii. Assigning Plaintiff to work in an unsafe environment with unskilled, untrained, and unsupervised crewmembers handling hazardous materials and hot surfaces;

        iii. Failing to limit Plaintiff's exposure to dangerous conditions despite having knowledge of its unskilled, untrained, and unsupervised crewmembers handling hazardous materials and hot surfaces;

        iv. Failing to supervise the crewmembers in the subject area handling hazardous items and materials; and/or

v. Having knowledge of Plaintiff's incident and requiring him to continue working despite his severe medical condition and symptoms; and exposing himself to further aggravation.

b. The vessel's crew was not properly trained, instructed, or supervised to carry out their duties;

c. The vessel did not have a fit crew;

d. The vessel did not have crewmembers for the task(s) being performed;

e. Allowing unsafe practices and conditions to exist without taking or requiring remedial actions be taken; and/or

f. Failing to follow sound management practices with the goal of providing the Plaintiff with a reasonably safe place to work.

24. As a result of the unseaworthiness of the vessel *Disney Magic*, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, lost income in the past, and plaintiff's working ability and earning capacity have been impaired. These injuries and damages are permanent or continuing in nature and Plaintiff will suffer these losses and impairments in the future. In addition, Plaintiff in the past and in the future has lost the fringe benefits that come with Plaintiff's job, including but not limited to free food, free shelter, free medical care, free uniforms, vacation pay, the ability to make extra money doing side jobs and free airline transportation to the vessel and back home each contract.

**WHEREFORE,** Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

## COUNT III – FAILURE TO PAY MAINTENANCE AND CURE

Plaintiff re-alleges, incorporates by reference, and adopts paragraphs one (1) through twelve (12) as though originally alleged herein.

25. On or about November 18, 2018, while in the service of the Defendant's vessel, *Disney Magic*, which was in navigation the Plaintiff, suffered injuries.

26. Under the General Maritime Law, Plaintiff, as a seaman, is entitled to recover maintenance and cure from Defendant DISNEY, until declared to have reached maximum medical improvement or maximum medical cure.  This includes unearned wages (regular wages, overtime, and vacation pay), which were reasonably anticipated to the end of the contract or voyage whichever is longer.

27. Defendant DISNEY willfully and callously delayed, failed and/or refused to pay Plaintiff's entire maintenance and refused to provide the Plaintiff the level of cure that the Plaintiff needs so that Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

28. An MMI or MMC declaration must be unequivocal and if not any doubts or controversy, regarding whether or not the seaman is at MMI or MMC must be resolved in favor of the seaman.

29. Defendant DISNEY failure to pay Plaintiff's entire maintenance and cure is willful, arbitrary, capricious, in violation of the law, and in callous disregard for Plaintiff's right as a seaman.  As such, Plaintiff would be entitled to attorney's fee under the General Maritime Law of the United States.  Furthermore, Defendant unreasonable failure to pay or provide Plaintiff with maintenance and cure aggravated his condition and caused him to suffer additional compensatory damages including but not limited to the aggravation of his physical condition, disability, pain and suffering, reasonable fear of developing future physical and medical problems, mental anguish,

8

loss of enjoyment of life, feelings of economic insecurity as well as lost earnings and earning capacity, and medical and hospital expenses in the past and into the future.

      **WHEREFORE,** Plaintiff demands all damages entitled by law, attorneys' fees and demands jury trial of all issues so triable.

<u>**COUNT IV – FAILURE TO TREAT**</u>

Plaintiff re-alleges, adopts, and incorporates by references paragraphs one (1) through twelve (12) as though originally alleged herein.

30.  On or about the previously stated date, Plaintiff was employed by Defendant DISNEY as a seaman and was a member of the *Disney Magic*'s crew.  The vessel was in navigable waters.

31.  It was the duty of Defendant DISNEY to provide Plaintiff with prompt, proper and adequate medical care when he presented for treatment.

32.  Defendant DISNEY, through the ship's physicians and/or nurses, negligently failed to provide Plaintiff with prompt, proper, adequate, and complete medical care.  This conduct includes, but is not limited to:

    a.  Defendant not giving Plaintiff medical care in a timely manner after he reported his injury to the ship's doctor and/or nurse seeking treatment for his condition;

    b.  Defendant sending Plaintiff back to work after he reported his condition without adequately determining the risks to the Plaintiff's health that sending him back to work would subject him to; and/or

    c.  Defendant manipulating and directing Plaintiff's medical care both shipboard and shore side in such a way as to minimize their expense and enable them to delay and/or deny the Plaintiff medical care that would improve and/or cure his condition.

33.  As a direct and proximate result of Defendant DISNEY's failure, Plaintiff suffered additional pain, disability and Plaintiff's recovery was prolonged. In addition, the Plaintiff was

injured about plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions, incurred additional medical expenses in the care and treatment of plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and plaintiff's working ability and earning capacity have been impaired. These injuries and damages are permanent or continuing in nature, and Plaintiff will suffer these losses and impairments in the future.

34.   This Count is alleged separately from Jones Act Negligence pursuant to *Joyce v. Atlantic Richfield Company*, 651 F. 2d 676 (10th Cir. 1981) which states, in part, "Negligent failure to provide prompt medical attention to a seriously injured seaman gives rise to a separate claim for relief [for which separate damages are awardable]."

**WHEREFORE,** Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

## COUNT V – CONTRACTUAL DISABILITY CLAIM

Plaintiff re-alleges, incorporates by reference, and adopts paragraphs one (1) through twelve (12) as though originally alleged herein.

35.   Upon information and belief, Plaintiff entered into a Collective Bargaining Agreement with Defendant.

36.   At all material times, Plaintiff performed his contractual duties and obligations as a seaman for his ship assignment on the *Disney Magic*.

37.   Per the Collective Bargaining Agreement[1] between Defendant and Plaintiff, Plaintiff is entitled to damages in the event of he suffers a permanent disability as a result of an injury sustained during the course of his employment with Defendant.

38.   Defendant DISNEY breached it contractual duty to provide disability benefits to the Plaintiff.

39.   As a result of the injury outlined above, Plaintiff suffered a permanent disability and can no longer work as a seafarer.

40.   Plaintiff hereby demands a contractual disability payment pursuant to the Collective Bargaining Agreement, in addition to, and irrespective of, his rights and causes of action available under the Jones Act and/or General Maritime Law.

**WHEREFORE,** Plaintiff demands all damages entitled by law and contract.

Dated: November 16, 2020                         Respectfully submitted,

LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.
*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
2 S. Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By:   */s/ Stefanie A. Black*
**MICHAEL A. WINKLEMAN**
Florida Bar No. 36719
mwinkleman@lipcon.com
**STEFANIE A. BLACK**
Florida Bar No. 111903
sblack@lipcon.com

---

[1] Plaintiff has requested a copy of the Collective Bargaining Agreement from the Defendant. However the Defendant has refused to produce the CBA absent Plaintiff executing a confidentiality agreement.  There are no grounds or justification for the Defendant to compel Plaintiff to execute a confidentiality agreement in order to obtain a copy of the CBA.